Good morning. May it please the Court, my name is Catherine Hart, and I'm representing Peter John Krupa, the appellant in this case, and I would request five minutes for rebuttal. Please reserve your time. All right. Watch your own time. Thank you. All right. I'll try to do so. I often forget, but I will try diligently this time. This case presents two very important issues. One is whether there was probable cause to issue a search warrant for my client's computer, which was taken when — with his consent when he was residing with permission of a friend at an Air Force base. Judge Ishii in the lower court found there was no probable cause for the issuance of the search warrant, but Judge Ishii did rescue the invalidity of the search warrant by finding that there was Leon Goodfaith in the execution of the search warrant by the officer who had obtained the search warrant in the first place. This was a military authorization for search. This is my ignorance, but is there any way in which the standards are different? I mean, it strikes me that the affidavit in this case doesn't even use the term probable cause. So I'm just wondering whether there's any notion that there's a broader authority to search. There is nothing I'm aware of at all that provides a broader authority to search. The test should still be the same whether there's probable cause. Well, let me ask you the flip side of that, too, because I think both of — if it's the same, is the military magistrate, as it were, entitled to the same deference or the same reliance that a district court magistrate would be? Yes. I believe that this Court would follow the exact same standards and would give deference to the military magistrate who decided the search warrant. So it's — so what you're saying is we have the same standard of probable cause, but by the same token, for Leon purposes, we should look at this as if it were a district court magistrate or a — that you shake that up in the bag and it's the same. It's going to be exactly the same standard whether it's military or not, and it would be the same standard that the military tribunal, the magistrate, would have to have found probable cause. He did in this case, which I'm trying to show is erroneous. But the point about the Leon good faith is that the cases are now legion, that the Leon good faith rule doesn't — doesn't basically prejudice the magistrate who made the decision, but it looks at police error or police misconduct rather than magistrate error. Well, let me ask you this about the Battershall case. Yes, the Battershall. That was in 2006, and the search warrant was served in 2002. Correct. When we're looking at what the officers, you know, analyzing what the officer would have thought at that point in time, can he be held to presage or be prescient about Battershall in 2006, or is he looking at it from a 2002 lens? He's looking at it through a 2002 lens, but the cases on probable cause say that each case must be looked at individually because the facts are so unique to each case. In fact, the case that I've most relied on in my briefs is the U.S. v. Weaver case, which is a 1990 case, and it's a case that really predates Internet child pornography. So although our briefs here, in both cases, we have relied on cases post-2002 when the search warrant took place, I'm not saying that the magistrate had to be prescient and who had to presage. I love that word, but I never know if I pronounced it right. But Weaver was not – Weaver or Weber? Well, it's spelled W-E-B-E-R, and I would assume that if it's Weber, it would have been spelled W-E-B-B-E-R, but whatever. Anyway, it is not about the particular problem in this case. No. I mean, that is – the question in this case, it seems to me, is – at least my going and premise is that all the other circumstances pointed to are really irrelevant. I mean, the fact that the house was a mess and the guy didn't – had lots of computers and all that doesn't seem to me to pertain to anything. So the question is whether seeing one photo of a nude, possibly underage girl with the tag nude teens on it is sufficient to create probable cause. And Weber's not really about anything like that. Battershill maybe is, but Weber's not, right? Weber is not about that, and Weber had to do with postal inspectors investigating child pornography long before the Internet. But it had to do with the connection to the person rather than the – whether a certain image is enough to give rise to probable cause. It had to do with how much information was known about Mr. Weaver Weber, about him was known before the search. And in this case, we really don't know anything about Mr. Peter John Krupa. We don't know that he was ever somebody who ever accessed the Internet. And affidavit after affidavit in these child pornography cases explores the connection between the individual whose computer is being searched and his access to pornography websites. Now, I think you raise a very important point, www.nudeteens.com. Yes, that is, but that's not in a – okay, if you just saw a picture, a nude picture, because this picture doesn't – it's not someone – they're not having sexual intercourse on it or lewd and lasciviously displaying the pubic areas or anything like that, right? Absolutely correct. All right. But that – but the nude teens, doesn't that up the ante a bit? Yes. I would be less than candid with this panel if I said it didn't up the ante. It does raise the specter that there might be something, but it raises a suspicion, not the substantial basis. Well, more than that, they could have come in with some evidence about this website. It would have been perfectly – Exactly. There was no evidence. But – and more than that, they still haven't. I mean, I – we still don't know anything about that website. We know nothing about whether that is a child pornography website. And every affidavit I've ever seen – I realize not every affidavit I've ever seen is before this Court, but I know you've seen other affidavits in cases where the investigator has checked with other sources and have found that this particular website catered to prurient interests and was a subscriber website. We don't know whether this website is – Suppose – I'm sorry if I cut you off. Go ahead. We don't know whether it's 18- to 19-year-olds. We don't know whether they're art photos. We don't know anything about this one nude teen photo because there's – as you've said, there's nothing about it that was provided to the Court. Suppose after the fact, the writer of the affidavit had come on and said, well, I didn't say this in the affidavit, but I knew that this website was a teen – was a child porn website. And therefore, when I relied upon the affidavit, I knew that fact. And therefore, I should get Leon Deference. What I'm asking is, can you take external evidence like that in a Leon analysis as to what the searching agent actually knew, even if he didn't put it in the affidavit? That's exactly what Leon does. Leon says that if the officer goes by an invalid search warrant, but he has good faith and he has reasonable good faith, then we are going to rescue that search warrant. Because he knows something else that isn't in the affidavit. Yes, and indeed – So he could have come in later and said, well, I didn't write this in the affidavit, but, you know, I wasn't just assuming that everyone knew that this was a pornographic website. I knew it. But we have no information. But we don't have that now to this day. But I'm certainly saying that it could have been cured if there had – if the search warrant had been issued as it did. But if the officer did have information that this was a child pornography website, and he had a, you know, plethora or at least more information that is contained in that, then certainly under Leon, he would have had good faith because he would have had objective, reasonable grounds that this was a child – a valid child  But he didn't have that. Is there – is it relevant that there's two minor children in the residence and that one's a 12-year-old girl? Well, I think it would be relevant if there was any intimation whatsoever that the children were not being well taken care of and that there had been any allegation of any impropriety toward the children or any – any molestation of the children or anything like that. But there was no allegation that there was anything improper. And, indeed, in the affidavit, there was no information about the house being in disarray. So merely with the fact that there were two minor children in the household, I don't think that that really goes to the calculus of probable cause because there isn't any allegation that they were improperly being taken care of, only that the custodial parent was not in the house and that the children had not been sent to meet their – their mother in Lancaster. And is it significant that the complaint that initiated this investigation was from the mother who hadn't received the children as required under the – apparently the separation decree, and the mother was concerned about, quote, neglect? That's in the affidavit. Well, of course. And for a mother, of course, would be remiss in not being concerned with where her children were. And she had not heard from her husband, Sergeant Velasco, that my client was taking care of the children. So the mother certainly was naturally, as any mother, had been concerned about where her children were. But the fact that the mother was concerned about where her children were, once the children were found, that they were in the custody and care of Mr. Krupa, and there was nothing – no allegation there was any contraband in the house or that they were not being well taken care of, that then does not go to the – to probable cause on the issuance of a warrant having to do with child pornography on the computers located in the house. I don't think there's a connection between the mother's concern and mother's natural concern. And just to go back to my Leon question, if they had come in after the fact with  the statute, i.e., they were lascivious, they focused on pubic areas and so on, that also might have substantiated a Leon good faith. That would have totally changed the equation here, but there's no description of there being anything lewd and lascivious about her. Including after the fact, not only in the affidavit. Yes. Now, to this day. If the officer had come in with pictures of photos and the photos had displayed the genitals in a prurient way, then that would have changed the whole calculation here. And does it change the equation that there were 15 computers and linked together? I'm not enough of an IT person to know the significance. Is it significant? No. It's not significant because I don't think that the officer who subscribed the affidavit made any connection between the number of computers and the existence of child pornography. And indeed, you could have had as much child pornography as he actually turned out to have on one computer. Right. But we don't know that. I mean, you could have piles and piles and piles of child pornography on one computer. That's correct. So we don't know that there is any correlation between persons who collect pornography on one computer versus persons who collect child pornography and have more computers. There are many people who have lots of computers in their houses, computer buffs, and people who collect computer equipment. So there really should not have been anything suggestive about the fact that there were a large number of computers in the house. There's only one photo and no description of the photo, no attachment to that photo. And I guess the one point I wanted to make in my argument is that this would exercise a chilling effect on anyone collecting any type of art photos. I mean, if this search warrant is upheld and if good faith is found under Leon with such an absence, such a dearth, such a paucity of probable cause, then this would risk anyone who collected art photos. I mean, I was looking the other night at Botticelli's Birth of Venus showing a very young-looking woman. I don't know if she's under 18 or not, but ---- I actually have her on my computer. It comes up every so often. But if you think about the number of art photos, I realize this wasn't an art photo. It said nude teen, and we don't know what kind of photo it was. But this could easily exercise a chilling effect on collection of any type of art. First of all, if you want to reserve time, but I do have one more question. Yes. And that is, there was a funny little fact in the record that I didn't quite understand. When he revoked the consent, he came to pick up the computer, but then he didn't pick it up? Did the government have the computers all along? The government had the computers all along. They were in the custody. Because he didn't take them back? He revoked the consent, but he didn't take the computers back. He sent written consent, revocation of consent, but he did not get the computers back. He simply revoked consent. The government kept the computers in its custody and kept them during the pendency of the time when Officer Reynolds had been hospitalized. And finally, if we were to reverse on what exists so far, we'd have to go back and deal with the second search warrant, right? The second search warrant, which is not before this Court. It was inferentially referred to by counsel and by Judge Ishii. But, yes, that would have to be separately decided. Thank you very much. Good morning, Your Honor. It's Brian Enos on behalf of the United States. I'd like to begin my presentation by directly addressing some concerns that the Court raised, rather than my outline that I've prepared. And starting with Judge Bregon, there actually is reference to probable cause in the warrants. Yeah, you're right. You're right, Senator. And it's a paragraph below where he talks about the case. I saw that, and I'm sorry. That's okay. I realized that afterwards. And, too, and quite significantly, the actual photo itself – let me back up a little bit. This case started in the 2002 search, 2004, then a 2006 sequence of indictments. I inherited it in 2009. My understanding is the actual image has been made available this entire time. What's significant is defendant has never complained about any reference to the image in the search warrant affidavit itself. I've seen nothing since 2004 suggesting that, no, this girl isn't really 15 to 17. She perhaps is older than that. I've seen nothing suggesting – and there is a link here, because what – What do you mean it's available? Was it presented to the district court as part of the Leon argument? No, it was not. What I do know is it's sitting in my file right now. But that's sort of irrelevant. I mean, it wasn't presented as part of this affidavit, and it wasn't presented to the district court in the suppression hearing. Well, it's relevant when you look at – for strict probable cause analysis, you're right. Four corners of the affidavit is what controls. But for purposes of Leon, you can look broader than that. And what we had here is six – You could, but nobody asked the district court to do it. Well, defendant could directly do it pursuant to the Adam Walsh Act, say, show me what it is. What's this image that's alleged in here? But whose burden is it on Leon, on a Leon good-faith defense? Well, what do you mean as far as looking at the image itself? I mean, you can't use the fact that the picture exists to support the probable cause at the time of the declaration, because it wasn't attached. Correct. But what we can do is look at the totality of the circumstances in assessing whether or not, like Judge Ishii did, that good faith really was supported. But the burden on that is on the government, no? Well, the government – my understanding is that they've made it available since 2004. I certainly know that. But they didn't give it to Judge Ishii at the time of the suppression hearing. No, but – And they never argued that. If you look at this photo, you can see that it wasn't fact. There wasn't fact probable cause. They never argued that. That's precisely my point, is what the government never did was complain about the age of this girl who's depicted in the photo or that it's in fact not. But you said the government never complained, so you mean the defendant never complained. But she said there wasn't probable cause, because she said that there's nothing in this affidavit that would tell you that there was a probable cause to have a violation of 18 U.S.C. 2252 and 2252A. That's what she said, right? What he said. That's what the argument is. The argument is there's nothing in this declaration because the photo is not described and it's not attached and you can't tell anything about it from the declaration.  It's a two-pronged argument. With respect to just the issue of probable cause, there's nothing in here about, hey, we haven't looked at the photo or anything like that. So what you do is you just look at the forecourt of the affidavit, right, when analyzing probable cause. The way I read it is this Officer Reynolds, who's got 200 cybercrime investigations under his belt, says, hey, I've got something that looks like a 15- to 17-year-old in nude teens. I think there's probable cause to believe that it's both, one, a 2252 minor being depicted as engaged in sexually explicit conduct violation and a 2252A, the somewhat broader child pornography violation. Okay. But he doesn't give anything to the magistrate from which the magistrate could evaluate that. Well, I think what he does is he, as was referenced earlier, is bring in other facts. One, he's got a lot of experience. Two, the defendant clearly didn't show proper care for these kids. And what's the relevance of that? Tell me what the relevance of that is to whether he has child pornography. There are presumably gazillions of people who don't take good care of children who don't have child pornography. Well, there's not too many people that, unsuspecting to mom, also let her know weeks afterwards, by the way, I'm watching this. Well, fine. They still don't have child pornography. They may be extremely negligent parents. They're nevertheless factors to consider that are within the four corners of the room.  Give me one logical connection. Between what? Between the fact that the father, not this guy, apparently went away and left the kids with this man, and the fact that the man was a child pornographer. Because I think what it shows is the course of conduct of, frankly, not viewing children the way that they properly should be. And I understand that. Believe me, do I wish that after he says it's a new 15 to 17-year-old, Officer Reynolds also said, and by the way, pursuant to my experience, it also qualified as sexually explicit under the Constitution. Well, even that, you think that's good enough? Yeah, it is good enough. Why? Because it doesn't give the magistrate anything to go on. I mean, in the other cases, for example, the one with the children at the beach and so on, there was a specific description of the photographs. There's no description of the photographs. There's no attachment of the photograph. All it says is it's a nude teen. Right. And nude teens, the whole purpose of nude teens is to look at lewd nude teens. It doesn't say that either. Well, I guess that's a very technical and narrow way of reading the search warrant affidavit, but, frankly, someone who's dealt with probably a hundred of these cases, I know what nude teens is. Okay. You do, but the magistrate or the person who was reviewing this didn't. I don't. Well, we don't know if he did or not, but we do know he's entitled to great deference in his probable cause assessment. What is the maximum age of a person who would be a victim under the State and Federal statute? The Federal statute's 18. I don't know what the California statute is. So nude teens could be everyone 19 and over. It could be, but what we have here is a clear description that this one, this girl's 15 to 17. And looking at a single image, how would that person know an age somewhere between 13 and 19? I'm really troubled by the idea that 15 to 17 is rather broad. 13 to 19 is broader. I understand that. What's the significance of nudeteens.com? To look at lewd images of teens, which wouldn't qualify for, like you said, 13 to 19. Well, you may know that. It would have to be lewd. We can't take judicial notice of what that website name tells us is in the site. Well, how could it? Maybe it's like, you know, kids put stuff on Facebook that could be nude teens. So, you know, there isn't more in the affidavit saying, hey, in my experience and expertise, I've been on nude teens, I know what, you know, this is, I've handled X number of cases, all of this, and this is what nude teens is. I understand that the affidavit itself doesn't say that. And not only that, there's nothing in the record to this day about nude teens. That's correct. All right. So let's just wash it out. I mean, there's nothing in it. You may know it, and he may have known it, but I don't know it, and there's nothing in the record. Right. So with respect to the strict probable cause analysis, it's a narrower analysis. I understand that. Now, Colonel Lefebvre, who's the magistrate judge here, is still entitled to great deference. And in the Brenton Trestle case. He didn't know it either. We have no reason to think he knew it either. Well, he thought there was. So I don't know how we can say he didn't know it when he's signing off on this and saying, yes, in my experience, this is probable cause. What is the significance of anything else besides that photo? What else do you have? For Leon analysis or for probable cause? Well, for probable cause and Leon. To answer your first question, for probable cause, the significance, I believe, is the fact that this 15- to 17-year-old was found on nude teens and that he said, in conclusion, there's probable cause to believe that it's both a 2252 and 2252A violation. I understand he could have been more clear about it. He wasn't. Well, are you relying on the number of computers at all? Are you relying on the fact that there's a 12-year-old girl in the house? Or what? Are you relying on any of those things? Those things, to an admittedly lesser degree, I think also provide context for the affidavit itself. As far as Leon is concerned, it's a broader analysis. And again, what we've never heard in six years is the defendant making one complaint that this really wasn't lewd and lascivious, one complaint that she really wasn't under 18, for six years. And so Judge Ishii was correct. But the – again, the burden of proof on Leon is on the government, right? Yes. Okay. Right. So if there were – if your defense was, well, nude teens is really this kind of a And in fact, if you – here's the picture and it really is lewd and lascivious, or we've checked and the girl – or here's why I thought she was 15 to 17 years old. There's no – nothing from the searching – the officer who signed the affidavit as to why he knew or believed anything more than there was in the declaration. Well, that's not true. What Judge Ishii said, two times, mind you, three months apart, was in analyzing the facts of this case. Officer Reynolds was completely above board in writing his search warrant affidavit. In response, Magistrate Colonel Lefebvre was neutral and detached and did not advocate his role in finding probable cause. Remember, it's Officer Lefebvre who found probable cause, and he's entitled to great deference, even in here. And then Judge Ishii said, nevertheless, defendant, I'm going to give you – But that's not the question at Leon, is it? And the question at Leon is whether the searching officer was in good faith, not the magistrate judge. Right. And I was – the third part of what Judge Ishii said was, and I find there's no facts to show that Officer Reynolds was acting in any manner other than an objectively reasonable good faith in relying on Judge – or Magistrate Judge Lefebvre's finding the additional 22 images. Remember, there's – I have a Leon question for you. Sure. Whether – a lot of times in a Leon analysis, you have an officer other than the affiant or affiant that's doing the search. You know, that you have someone else that got the search warrant was the affiant, and then you have other officers that are out relying on that. Is Leon limited in any way to officers other than the affiant, or does it apply exactly the same to the affiant? I'm not sure exactly what you mean. Well, because this particular officer is the one that got the search warrant. That's correct. And a lot of times, you know, officers will go out later. They weren't the one that went and got the search warrant. Okay, so they're relying on a search warrant signed by a magistrate or a judge and also other officers that put together the affidavit. Right. Here, this officer is one and the same. Is Leon limited in any way? Actually, it helps the government's Leon argument because we're not relying, like the actual Leon case, on what other people said. In that case, confidential informants that weren't corroborated, so on and so forth. It was all firsthand information that Officer Reynolds had provided. Well, okay. But see, let's say if the officer had found – I mean, if Judge Ishii had found that the officer in this case had omitted things or something had not been true, then it would be pretty hard for that officer to get a Leon reliance, right? That's correct. Okay. So whereas let's say it comes out that the officer did make some representations, but there's other officers that had nothing to do with the affidavit that didn't know anything about that. They still might be able to get Leon to say the search warrant, right? They could. It's just in this case, we were just dealing with one person. Okay. So the significance of Ishii finding that the officer didn't omit or misrepresent is important in the Leon analysis in this case. That's right. It was all firsthand representations made by Officer Reynolds. But no one's claiming that. The claim is that no reasonable lawyer could have thought that this was an adequate affidavit substantiating probable cause. It's not that he was lying or anything like that. It's just that there's no way he could have believed that this was adequate. And the question is why – I mean, I think we've been around about this, but that is the claim, right? Not that he was lying or anything like that. That's correct. But I will say it's a significant claim. And that's a legitimate Leon branch, is it not? Sure. Absolutely. So it doesn't have to be bad faith or lying or anything like that. That's true. I mean, Leon's broad enough where could a reasonable – could an officer objectively be reasonable in relying on an independent finding of probable cause like we have here? And let's remember, Judge Ishii gave defendant three months to prove him otherwise. September 11, 2006, he says, you know what, I don't find anything in the record to show that Officer Reynolds was acting in anything but objectively good faith in relying on this warrant that was authored by an independent magistrate judge. Nevertheless, I'm going to give you three months until December 4, 2006, to prove me wrong. Now, one fact was elicited proving him wrong. You know, Judge Ishii said what he said with regard to why there was good faith was, now, at this point in time, he would certainly have a basis to continue with his investigation. And that's certainly true. He could have continued with his investigation. But that's different from saying he could have, without anything more, searched the computers. So I'm not sure that Judge Ishii even applied the right standard. I think he applied the right standard in a case that has facts that are even stronger than the actual Leon case. Because, again, we're relying on firsthand information on this very page. I have it marked – it's in tab 3. It's page 4 of the search warrant affidavit. We're within a paragraph of each other. Someone who's already stated that he has over 200 cases under his belt investigating cybercrimes, including – He had 200 child porn cases, and he knew every child porn site, and he knew which ones were child porn sites and which weren't. I mean, even that would be relevant. But he didn't say that. No, he didn't. But, nevertheless, within a paragraph subsequent, he's basing his 15- to 17-year-old image. And, again, I wish there was that clause. But what does that have to do with having investigated a lot of cybercrimes? Because you need to look at all of the search warrants. You can't just look at one line. It seems like one is looking at one line. No, but I'm not. I'm trying to see what the connective is that you're suggesting. I think it provides context for what he's stating. Search warrant affidavits all the time provide qualifications. True. And usually they're relevant qualifications. But these weren't particularly relevant to the problem at hand, which is why he thought that this was a probable cause of child pornography. It appears that Colonel Lefebvre thought they were relevant, and Judge Ishii also thought they were relevant.  You're out of time. Thank you very much.  Thank you. So as not to interrupt, on the issue only of whether there was probable cause for the original issuance of the search warrant, on that issue, is there any difference to this panel whether Judge Ishii ruled for the defendant on probable cause or against the defendant? No, because this panel applies the de novo review standard. Totally de novo. It doesn't matter what the district judge did. That's correct. And I don't think that we have a case here where we had a hearing. We didn't have a hearing on the facts where the district court judge made conclusions of fact. If that had occurred, then you would have to find clear error, but because of the That's correct, the de novo review. Thank you. It does seem to me, based on case law, that it was significant that it was the Officer Reynolds who was the selfsame affiant who obtained the affidavit and who did conduct the additional search. Well, I guess, though, is there any case out there that says that the affiant is not entitled to invoke Leon? Leon's never been limited that way. But what I'm saying is I guess it probably extends the inquiry, because if the officer had been found to omit or misrepresent, that would certainly go to the fact that the reliance couldn't have been in good faith, as opposed to if you had a complete other officer that knew nothing about any of that, that officer maybe could have relied in good faith. Yes. And the Weber Postal Inspector case had the same investigators, the same government agents who obtained the affidavit, who orchestrated the search. And that was one of the issues in the Weber case, that the government in that case could time and orchestrate the particular search. So that case would be authority for my contention that the fact that the officer was the officer here found to have omitted or misrepresented. I don't find that here. Well, I'm not going by omitting something in the affidavit. I'm going by the fact that the officer, that the officer who executed the warrant knew that there was only that one photo. And so that officer couldn't have had reasonable good faith in the belief that there was child pornography on those computers when all he had in his mind was the fact that there was one nude teen photo that is never described as prurient or lascivious in any way, shape, or form. So under the Leon good faith, I would argue that if it had been an officer in the field not connected with the case, that that officer might have been entitled to rely on this warrant because the exclusionary rule punishes police misconduct and not the conduct of the judicial officer. And so what we would do here, if this Court were to find that there was no Leon good faith, would be to penalize the investigating officer, Reynolds, who procured an affidavit or a search warrant on less than probable cause and then, without any additional information, went and did the search of the computers. Okay. Your time is up. Thank you very much. The case of United States v. Crouppen is submitted. And we will go on to United States v. Mann, Lui, and Pong Lui. I want to thank you both for good argument in that case. It's a difficult case, and you both articulated it well. May I second that? Well done. Thank you.
judges: Wolle, Berzon, Callahan